**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEPHEN M. TERRELL**
Terrell Law Office, LLC
Camby, Indiana



FILED
Mar 18 2014, 10:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAROLD WEIR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1310-CC-853 |
| | ) | |
| RIVERWALK HOLDINGS, LTD., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-1106-CC-71

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Harold Weir appeals the trial court's entry of summary judgment in favor of Riverwalk Holdings, Ltd, in an action to collect an indebtedness arising from a credit card account assigned to Riverwalk, contending that the trial court erred by entering its judgment on the basis of statements contained in Riverwalk's affidavit, which Weir claims should have been stricken as inadmissible.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 9, 2011, Riverwalk filed a complaint against Weir to collect on Weir's credit card indebtedness. The original credit card grantor was Chase/WAMU for a Visa account issued to Weir. Weir's account was later assigned to Riverwalk. Riverwalk alleged in the complaint that Weir had an outstanding account balance of $8,833.59 with interest. Attached to the complaint was an affidavit sworn by Velia Ogeda, an employee of Riverwalk, setting forth that, as of March 18, 2011, Weir had an account balance of $12,349.12 and that no payment on the account had been received since April 25, 2008. The affidavit also contained the statement that the account balance included post-charge-off interest in the amount of $3,515.53 at the rate of 18.00% per annum since December 31, 2008.

In response to a request for admissions, Weir admitted that he had an account with Chase/WAMU, and that his account number matched that alleged in Riverwalk's complaint. Weir denied the authenticity of various credit card statements attached to the request, the date the credit card was opened, and whether the credit card balance was charged off on December 31, 2008.

2

On February 13, 2013, Riverwalk filed a motion for summary judgment and a motion to publish Weir's answers to interrogatories and Weir's response to the request for admissions. Weir subsequently filed a motion to strike Velia Ogeda's affidavit and filed a brief opposing Riverwalk's motion for summary judgment. The trial court set the matter for hearing, and at the conclusion of the hearing, it entered an order denying Weir's motion to strike and granting Riverwalk's motion for summary judgment. Weir now appeals.

## DISCUSSION AND DECISION

We note at the outset that Riverwalk has failed to file a brief in this appeal. When the appellee has failed to submit a brief we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Id*. Prima facie error is defined as, at first sight, on first appearance, or on the face of it. *Id*. Where an appellant has failed to meet this burden, we will affirm. *Id*.

Weir argues that the trial court's judgment should be reversed and remanded on procedural grounds. Weir claims that under Indiana Trial Rule 9.2 when a party sues on a written agreement, a copy of that agreement must be attached to the complaint. He asserts that since Riverwalk did not do so, the matter should be remanded to the trial court for a hearing on the issue of whether the complaint should be dismissed. We disagree.

Although Indiana Trial Rule 9.2(A) provides as Weir contends, it also sets forth in pertinent part as follows:

3

When any pleading allowed by these rules is founded on an account, an Affidavit of Debt, in a form substantially similar to that which is provided in Appendix A-2 to these rules, shall be attached.

Here, the complaint was an action founded on a credit card account, and Ogeda's affidavit of debt appears to follow the form contained in Appendix A-2 of the Indiana Trial Rules. Consequently, we do not reverse and remand on this ground.

The trial court entered summary judgment in favor of Riverwalk. On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in the shoes of the trial court and apply a de novo standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM*, 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares*, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*.)

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

Weir challenged the affidavit asserting that it was inadmissible hearsay because Ogeda could not attest to or establish the authenticity of the business records and transactions. However, Weir failed to designate evidence to the trial court to controvert Riverwalk's designated evidence, which established credit card debt attributed to a credit card account number acknowledged by Weir as his. As such, Weir has failed to counter Riverwalk's contention that the debt was properly due and owing. Consistent with our standard of review, we conclude that Weir has failed to meet his burden of demonstrating that the trial court's grant of summary judgment in favor of Riverwalk was erroneous.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.